## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Rigoberto Cruz ("Cruz") and Luci's Express Deli Inc., (the "Company") (each a "Defendant" and collectively, the "Defendants"), on the one hand, and Ceci Hayde Hernandez ("Plaintiff"), on the other hand (each of the foregoing persons and entities a "Party" and collectively, the "Parties").

WHEREAS, Ceci Hayde Hernandez was employed by one or more of the defendants from on or about December 2014 through February 2020;

WHEREAS, on or about June 2, 2020, Plaintiff Ceci Hayde Hernandez filed a civil action against the Defendants in the United States District Court, Eastern District of New York (the "Court"), where it was assigned Civil Action No. 2:20-cv-2405 (hereinafter, the "Complaint" or "Action"). The Complaint alleges, among other things, that Defendants willfully failed to pay Plaintiff and other similarly situated employees' overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

WHEREAS, the Action is being settled before the initial conference, and no discovery has been commenced and/or motion for collective action certification is pending.

WHEREAS, Defendants denied and continue to deny all allegations of wrongdoing made by Plaintiff; and

WHEREAS, Plaintiff and Defendants desire to resolve and settle the Action in an amicable manner and in order to avoid the expense, burdens, and aggravation of further litigation and without admission by Defendants of any wrongdoing or liability;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Settlement Payment:**

    (a) Defendants' Commitments. In exchange for the promises made herein by each Plaintiff contained in Paragraph "2" above, and in all other provisions of this Agreement, Defendants agree as follows:

    (b) As full settlement of the Action and full and final satisfaction of any and all claims Plaintiff had, have or may have against the Defendants, including the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including each Plaintiff's agreement to the dismissal of the Action in its entirety with prejudice and the releases given by each Plaintiff herein, Defendants shall pay or cause to be paid a total settlement payment in the amount of ten thousand dollars ($10,000.00) (the "Settlement Amount").

    (c) The Settlement Amount will be paid in two payments of five thousand ($5000.00) dollars subject to the conditions and at the time provided in Section 1(b)(d) below.

Defendants shall issue or cause to be issued a Form 1099 to Plaintiff's Attorney in connection with this payment.

    (a)    The Settlement Amount shall be paid over several installments as detailed below, with the first installment payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

    (b)    The Settlement Amount shall be paid over several installments as detailed below, with the first installment payable within thirty (30) days after the presiding court has approved the dismissal of the Lawsuit with prejudice, as follows:

    (i)    Installment One:

    (1)    <u>A postdated check</u> in the amount of FIVE THOUSAND DOLLARS ($5,000). payable to "CECI HAYDE HERNANDEZ" for immediate deposit within thirty (30) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

    (ii)    Installment Two:

<u>Two postdated checks</u> in the amount of ONE THOUSAND ONE HUNDRED AND TWENTY SIX DOLLARS and SIXTY SIX CENTS ($1,126.66) payable to CECI HAYDE HERNANDEZ" for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel. The 2nd Check made in the amount of THREE THOUSAND EIGHT HUNDRED SEVENTY-THREE DOLLARS and THIRTY-THREE CENTS ($3,873.33) payable to "STILLMAN LEGAL PC" for immediate deposit within sixty (60) days after court approval of this Agreement and dismissal of this Case, delivered to Plaintiffs' counsel.

    (d)    Plaintiffs shall indemnify Defendants for any tax liability resulting from the foregoing payments or from any failure to withhold or deduct any amounts therefrom. The Parties agree that Plaintiff is solely responsible for all taxes due. Plaintiff hereby assumes full responsibility to any federal, state, and local taxing authorities for any tax consequences, including interest and penalties, which may arise as a result of the above-listed payments. Plaintiff and Plaintiffs' Attorney acknowledge that Defendants and their legal counsel have made no representations regarding the proper tax treatment of the above-listed payments.

(e) No payment shall be made until Defendants' counsel (Delvis Melendez, Esq.) ("Defendants' Attorneys") receives all of the following: (i) this Agreement bearing the Plaintiff's signatures; (ii) an IRS Form W-9 executed by Plaintiff's Attorney; and (iii) written notice of the Court approving the settlement and dismissing the action with prejudice. Provided all of the foregoing are completed, Defendants will make or cause to be made the payment of the Settlement Amount by check payable to Plaintiff and Plaintiff's attorney as established in paragraph 1(b)

(f) Plaintiff acknowledges that the above payments fully compensates her for all her alleged claims and that she has been properly compensated as required under the FLSA and NYLL, and all other federal, state, and local laws, ordinances, rules, regulations or orders. Accordingly, Plaintiff covenant and agree not to seek, accept, recover or receive any back pay, liquidated damages, attorneys' fees and costs, other damages or any other form of relief based on any claims, which may arise out of, or in connection with any other individual, class or any administrative remedies pursued by any federal, state or local governmental agency against Defendants for violations of FLSA and/or NYLL violations.

2. **Release of Claims**: The Plaintiff, on behalf of herself, and her spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all possible charges, complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against each of the Defendants (i.e., Rigoberto Cruz and Luci's Express Deli Inc.) and ; its (as applicable) respective, parent companies, subsidiaries, divisions, related or affiliated companies, spouses, heirs, executors, testators, representatives, predecessors, successors or assigns, or his, its or their current or former employees, agents, attorneys, shareholders, officers, directors, and sole proprietors (the "Releases"), based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) that were or could have been alleged or asserted in the Action, (b) relating to or arising out of wages, hours, overtime, minimum wage, spread of hours, or wage deductions, (c) arising under or for alleged violation of the Fair Labor Standards Act (the "FLSA") and/or the New York Labor Law ("NYLL"), (d) arising under any actual or allege express or implied contract, or under any common law or for any tort, in regard to work hours overtime, and/or payment of wages. This release and waiver includes any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby. This waiver and release includes all claims described above now known to Plaintiff, as well as all possible such claims that are not now known to Plaintiff. (The above shall be collectively referred to as "Released Claims").

3. **No Current Representation:** Plaintiff's Attorney represents and warrants that, as of the date of the signature by Plaintiffs' Attorney's below, neither the firm nor any attorneys affiliated with the firm currently represent any other employee or former employee of any of the Defendants.

4. **Submission To The Federal Court For Approval And Dismissal With Prejudice**: The Parties intend for Plaintiff to waive any and all claims, including claims under the FLSA and NYLL, they may have or might have had against the Defendants from the beginning of time up to and including the date the District Court dismisses the Action with prejudice. The Parties further desire that this Agreement be approved by the United States District Court presiding over the Action, and agree to the following:

3

(a) The Parties' respective attorneys will execute the Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit A (the "Stipulation");

(b) Upon execution of this Agreement, the Parties agree to contemporaneously execute a "Joint Motion For Approval of Settlement and Dismissal of Claims with Prejudice," which Plaintiff's Attorney will file with the Court with the fully executed Agreement (including the signed Stipulation);

(c) In the event this Action is not dismissed **WITH PREJUDICE** by the Court, this Agreement shall be null and void and no payments shall be made pursuant to paragraph 1 of the Agreement. The parties will attempt to bring the Agreement in conformity with the Court's mandates and if not possible restored the case to the Court's calendar for discovery and trial; and

(d) The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise.

5. **No Other or New Complaints Whether In Federal or State Court**: Plaintiff hereby represent that other than the Action, she has no pending actions, administrative charges or complaints, grievances or arbitrations involving any claims against any of the Releasees. Plaintiff further agree that, with regard to their compensation, wages, hours, overtime and related terms and conditions of employment with the Defendants and/or the other Releasees (including their compensation and damages under any federal, state or local law) and any Released Claims, they will not commence any new lawsuits in State or Federal Court or assert any such claims to or before any State or Federal administrative agency against any of the Defendants or the Releasees. Additionally, Plaintiff agrees that she will decline to opt-in to any current or future lawsuit or similar proceeding against any of the Defendants or other Releasees and will affirmatively opt-out of any future lawsuit or proceeding against the Company or the Releasees.

6. **Assignment of Claims**: Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

7. **No Admission of Wrongdoing**: By entering into this Agreement, the Defendants and the other Releasees do not admit any liability or wrongdoing whatsoever, and expressly deny the same; it being expressly understood and agreed that this Agreement is not intended and shall not be deemed to constitute an admission that any person, company or entity was liable to any other person, company or entity or engaged in any wrongdoing or misconduct whatsoever and, in fact, the Defendants expressly contend they have complied with all applicable state and federal wage, hour and overtime related laws and requirements at all times. It is further expressly understood and agreed by the Parties that this Agreement is being entered into by the Defendants solely for the purpose of avoiding the costs and disruption of ongoing litigation, and this Agreement shall be inadmissible in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

8. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

9. **Severability**: The Parties agree that in the event any provision of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof. The Parties intend that each provision of this Agreement shall be given effect to the maximum extent permitted by law.

10. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York without regard to conflicts of law principles.

11. **Voluntary Agreement**: Plaintiff, understands and agrees that:

    (a) She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her or, if necessary, translated to her in a language that he understands;

    (b) She has signed this Agreement freely and voluntarily and without duress;

    (c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce him to enter into this Agreement;

    (d) She is knowingly and voluntarily releasing all of the Releasees from any and all Released Claims he may have against any of them, in exchange for the consideration set forth in this Agreement and that he would not have otherwise been entitled to the consideration set forth in this Agreement if he did not sign this Agreement; and

    (e) She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it; has been represented by her attorney (Plaintiff's Attorney) in connection with the settlement of the Action, the negotiations leading to the settlement of the Action, and the negotiation and execution of this Agreement; and has had a reasonable time in which to consider the terms of this Agreement before executing it.

12. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

13. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

14. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

15. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

16. **Facsimile or .pdf Copy**: A facsimile copy of this Agreement or scanned .pdf copy of this Agreement transmitted by e-mail will have the same force and effect as the original.

17. **Notices**. All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of the Company's Counsel or Plaintiffs' Counsel, respectively, as follows:

> Defendants' Attorneys:
>
> Law Offices of Delvis Melendez, P.C
> 90 Bradley St.
> Brentwood, N.Y. 11717
> NY 10018
> Attention: Delvis Melendez, Esq.
> Email: endiscrimination@aol.com
>
>
> Plaintiff's Attorneys:
>
> Stillman Legal P.C.
> Lina Stillman, Esq.
> 42 Broadway, 12 Floor
> New York, New York 10004
> Email: www.FightforURights.com

Either Party may give notice of change of address in writing as set forth in this paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

18. **Costs and Attorneys' Fees**. Except to the extent stated in Paragraph one (1b) of the Agreement, each Party in this Action shall bear his or its own costs and attorneys' fees associated with prosecution or defense of the Action, as well as the negotiation and preparation of the Agreement.

*[Remainder of page intentionally left blank. Signature page(s) immediately follow.]*

BY SIGNING THIS AGREEMENT, EACH PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT (OR HAD THE AGREEMENT READ TO HIM BY HIS ATTORNEY), UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. EACH PLAINTIFF IS FURTHER ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT AND EACH PLAINTIFF HAS BEEN REPRESENTED BY HIS ATTORNEY IN CONNECTION WITH THE NEGOTIATION AND EXECUTION OF THIS AGREEMENT AND THE SETTLEMENT REACHED HEREUNDER.

**ACCEPTED AND AGREED TO BY:**

**PLAINTIFF:**

_Ceci Hayde Hernandez_ Dated: 9/17/2020
Ceci Hayde Hernandez


**PLAINTIFF'S ATTORNEY:**
(as to Sections 1(b), 1(c) and 3

Stillman Legal P.C.

By: _____ Dated: 1/23/2020
Lina Stillman, Esq.

**DEFENDANTS:**

_Rigoberto Cruz_ Dated: 9/25/2020
Rigoberto Cruz

Luci's Express Deli Inc.,

By: _____  Dated: 9/25/2020
    Rigoberto Cruz
Its:   President

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
CECI HAYDE HERNANDEZ,
on behalf of others similarly situated

                           Plaintiff,

-- against –

LUCI'S EXPRESS DELI INC.,
RIGOBERTO CRUZ, in his Individual capacity

                          Defendants.
---------------------------------------------------------------- X

Case No. 2:205-CV-2405 (JMA)(AYS)

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS, IT IS STIPULATED AND AGREED**, by the undersigned counsel on behalf of the parties in the above-captioned action as follows:

(1) The parties have agreed to resolve their differences with respect to all allegations and claims that have been raised or could have been raised by any party in this action, subject to that certain Settlement Agreement (the "Agreement"); and

(2) The parties have agreed to request jointly that the Court review and approve the settlement and Agreement reached; have submitted a Joint Motion For Approval of Settlement and Dismissal of Claims with Prejudice in support of that request; and request that the Court enter and "so order" this Stipulation and Order so as to dismiss the above-captioned action with prejudice, and without costs or fees imposed upon any party except to the extent provided in the Agreement.

1

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, AND ORDERED BY THE COURT, that the above-captioned action, including all claims that were or could have been raised, is dismissed in its entirety with prejudice. Each party shall be responsible to pay its own costs, disbursements and attorneys' fees incurred in connection with the above-captioned action except to the extent otherwise provided in the Agreement. The Court retains jurisdiction over enforcement of the Agreement.

| LAW OFFICES OF DELVIS MELENDEZ, P.C. | STILLMAN LEGAL PC |
|---|---|
| By: _____ Delvis Melendez | By: _____ Lina Stillman |
| 90 Bradley Street Brentwood, N.Y. 11717 (631) 434-1443 | 42 Broadway, 12 Floor New York, New York, 10004 (212) 203-2417 |
| Attorney for Defendants | Attorney for Plaintiff |

**SO ORDERED:**

_____          _____
Hon. Joan M. Azrack                                                   Date
United Stated District Court Judge

2